UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MACKLIN BROWN, | ) | CASE NO. 4:13cv1637 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| JOE COAKLEY, WARDEN, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Macklin Brown has filed the captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal prisoner in custody at FCI-Elkton. For the reasons stated below, the petition is denied.

## Background

On February 9, 2001, a jury in the United States District Court for the Southern District of Indiana found petitioner guilty of conspiracy to distribute one kilogram or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. A month later, the district court sentenced petitioner to thirty years' imprisonment. Petitioner appealed his conviction to the Seventh Circuit Court of Appeals, which dismissed his appeal. Petitioner subsequently filed a motion in the sentencing court pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of his counsel and a violation of *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed.

2d 403 (2004). The court dismissed this petition in 2006, finding petitioner failed to demonstrate any constitutional violation warranting collateral relief.

Petitioner now seeks relief from this Court pursuant to 28 U.S.C. § 2241, contending his sentence violates the Supreme Court's decision in *Alleyne v. United States*, -- U.S. --, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d (2013), which held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Petitioner contends the jury did not determine the factors the district court used to enhance his sentence. He asserts:

> Under the jury's verdict, the Guidelines require a base offense level of 32, with a prescribed range of [a] 188 to 235 month sentence. To reach 360 months, the judge at sentencing found by a preponderance of evidence the charged conspiracy involved an amount of 3-kilograms of heroin for a base offense level of 34 and by a preponderance of evidence that petitioner was a leader or organizer for a base offense level of 38, with a range of 360 to life. The judge imposed 360 months.
>
> Similar to *Alleyne*, the jury did not find those sentencing factors beyond a reasonable doubt.

(Doc. No. 1 at 12-13.[1]) Petitioner contends he is "actually innocent" of the sentencing enhancements and, therefore, the Court should allow him to seek relief under § 2241. He asks the Court to order his immediate release or resentence him to 188 to 235 months' imprisonment "consistent with the jury's verdict." (*Id.* at 8.) He also asks the Court to transfer his petition to the Southern District of Indiana where he was sentenced. (Doc. No. 2.)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

**Standard of Review**

The Court conducts an initial review of habeas corpus petitions. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Although a *pro se* complaint is evaluated under a more lenient standard than a pleading drafted by a lawyer, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the district court has a duty to screen out habeas petitions that are meritless on their face. *Alexander*, 419 F. App'x at 545. In evaluating a *pro se* petition, the allegations are accepted as true and the petition is liberally construed. *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

**Analysis**

Even when his petition is liberally construed, petitioner is not entitled to relief under 28 U.S.C. § 2241. As a general matter, § 2241 is the appropriate means by which a federal prisoner may challenge "the execution or manner in which [his] sentence is served." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Section 2255 is the primary avenue for relief for federal prisoners claiming the right to release as a result of unlawful conviction or sentence. Petitioner is clearly attacking the imposition of his sentence and not the execution or manner in which his sentence is being served. Therefore, his claim is properly asserted only under § 2255. *See Charles v. Chandler*, 180 F.3d 753, 756-57 (6th Cir. 1999).

A so-called "savings clause," § 2255(e), provides that § 2241 *may* be used to contest a conviction or sentence "if § 2255 is inadequate or ineffective to test the legality of the detention." *Terrell v United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks and citation omitted). The savings clause, however, has been applied only where a petitioner

3

demonstrates his "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255." *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012). To demonstrate "actual innocence," a petitioner must show: "(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him." *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

As noted, petitioner's theory of actual innocence is based on the Supreme Court's 2013 decision in *Alleyne*. But even assuming *Alleyne* establishes a new rule of constitutional law, the Sixth Circuit has expressly held that "*Alleyne* does not apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). Accordingly, petitioner cannot rely on *Alleyne* for purposes of invoking § 2255's savings clause.

Furthermore, even if *Alleyne* had retroactive application, petitioner does not contend he is actually innocent of the underlying federal crime for which he was convicted. Rather, he contends he is actually innocent only of sentencing enhancements. The Sixth Circuit has expressly held that claims of sentencing error may not serve as the basis for an actual innocence claim. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("The savings clause may only be applied when the petitioner makes a claim of actual innocence. A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . .") (citations omitted). *See also Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241") (internal quotation marks omitted);

*Hayes*, 473 F. App'x at 502 ("The savings clause of section 2255(e) does not apply to sentencing claims."). Therefore, the petition on its face is insufficient to demonstrate a viable claim of actual innocence for purposes of the savings clause.

### Conclusion

For the reasons stated above, petitioner cannot challenge his enhanced sentence under 28 U.S.C. § 2241. The petition is accordingly denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. Petitioner's request to transfer the action to the Southern District of Indiana is also denied. "A petition for habeas corpus under § 2241 must be filed in the district court having jurisdiction over the petitioner's custodian." *Walker v. Morrison*, 13 F. App'x 316, 317 (6th Cir. 2001). This judicial district has such jurisdiction.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 6, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**